**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Billy Ray VAUGHN, Defendant– Appellant.**

**No. 91–1589**
**Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

March 11, 1992.

Billy Ray Vaughn, pro se.

Alfred E. Moreton, III, Robert O. Whitwell, U.S. Atty., Oxford, Miss., for plaintiff-appellee.

Before GARWOOD, HIGGINBOTHAM, and SMITH, Circuit Judges.

**368**

PER CURIAM:

Vaughn argues to this Court only that the district court incorrectly increased his sentence under the Guidelines 1) because he discharged a firearm and 2) for obstruction of justice.

Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *U.S. v. Capua*, 656 F.2d 1033, 1037 (5th Cir.1981). Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding. *Id.* Vaughn was sentenced within the Guideline range and did not appeal the sentence. A district court's technical application of the Guidelines does not give rise to a constitutional issue. *U.S. v. Lopez*, 923 F.2d 47, 50 (5th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 2032, 114 L.Ed.2d 117 (1991).

Vaughn's claim is not cognizable under the limited scope of relief available under 28 U.S.C.A. § 2255 because it is not of constitutional dimension, could have been raised on direct appeal, and there has been no showing as to why it was not.

AFFIRMED.