Raymond E. **BADGER**

v.

**UNITED STATES of America.**

Nos. P–93–CA–038, P–88–CR–017 and P–89–CR–006.

United States District Court,
W.D. Texas,
Pecos Division.

Feb. 7, 1994.

John Lee Cook, pro se.

Linda B. Zeman, Asst. U.S. Atty., Pecos, TX, for respondent.

### *ORDER*

BUNTON, Senior District Judge.

BEFORE THIS COURT, in the above-captioned cause, is the Report and Recommendations of United States Magistrate Judge Louis Guirola in the above-captioned cause, regarding Petitioner BADGER's Motion to Vacate or Correct Sentence, in accordance with 28 U.S.C. § 2255. Plaintiff timely filed his written objections to Guirola's Report and Recommendations. Upon consideration of the Report and Recommendations, the Court is of the opinion that Magis-

trate Judge Guirola's Report and Recommendations are proper and should be adopted, and Petitioner's Motion should be Denied. Accordingly,

IT IS ORDERED Magistrate Judge Guirola's Report and Recommendations, filed on January 13, 1994 in the above-captioned cause, are hereby Approved and Adopted by this Court.

IT IS FURTHER ORDERED Petitioner's Motion to Vacate or Correct sentence is hereby DENIED.

IT IS FINALLY ORDERED the above-captioned cause is DISMISSED.

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

GUIROLA, United States Magistrate Judge.

BEFORE THE COURT is the Motion of the Petitioner to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. Having reviewed the Petitioner's Motion and the government's Response, the undersigned U.S. Magistrate Judge is of the opinion that Petitioner's Motion should be denied.

## FACTS AND PROCEDURAL HISTORY

RAYMOND EUGENE BADGER was indicted in cause number P–88–CR–017 for conspiracy and possession with intent to distribute over 50 kilograms of marijuana. He failed to appear for trial, resulting in his indictment in cause number P–89–CR–006 for willful failure to appear[1]. BADGER was eventually apprehended and entered pleas of guilty to both the conspiracy and failure to appear indictments. On the morning of January 29, 1990, BADGER was sentenced in cause number P–88–CR–017 (conspiracy) to 41 months incarceration, three years supervised release and a $5000 fine. That afternoon BADGER was sentenced in cause number P–89–CR–006 (failure to appear) to 19 months incarceration and two years supervised release. In cause number P–89–CR–

006, both the term of imprisonment and the period of supervised release were to run consecutive to cause number P–88–CR–017.

BADGER appealed his conviction in both cases. The appellate court vacated the imposition of the three year period of supervised release in P–88–CR–017 in order to allow the district court to reconsider the term of supervised release, 925 F.2d 101. By Amended Judgment dated March 26, 1991, the district court reduced the term of supervised release in P–88–CR–017 to two years. Consequently, BADGER was sentenced to serve a total of 60 months imprisonment and 4 years supervised release.

## DISCUSSION

BADGER attacks his sentence in cause number P–89–CR–006 on two grounds:

a) That the imposition of consecutive terms of supervised release was improper and,

b) that the court erroneously calculated the specific offense characteristics under U.S.S.G. § 2J1.6(b)(2).

*Consecutive Terms of Supervised Release*

■ Petitioner contends that while a consecutive term of imprisonment is mandated pursuant to 18 U.S.C. § 3146(b)(2)[2], a consecutive term of supervised release is proscribed by 18 U.S.C. § 3624(e). Section 3624(e) states in part:

"The term of supervised release commences on the day the person is released from imprisonment *and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release.*" (emphasis added)

Although this circuit has not directly addressed the propriety of consecutive terms of supervised release[3], this Court concludes that 18 U.S.C. § 3624(e) does not apply to a sentence of supervised release in the case of

1. 18 U.S.C. § 3146

2. A term of imprisonment imposed under this section shall be consecutive to the sentence of imprisonment for any other offense.

3. In *United States v. Gordon,* 901 F.2d 48 (5th Cir.1990) the lower court sentenced the defendant to consecutive terms of imprisonment and consecutive terms of supervised release. However, the issue was not raised on appeal.

a sentence that by statute is mandated to be consecutive.

In *United States v. Gullickson*, 982 F.2d 1231 (8th Cir.1993), a defendant was convicted of conspiracy with intent to distribute marijuana and possession of an unregistered firearm (26 U.S.C. § 5861). The defendant appealed his sentence to consecutive terms of imprisonment and supervised release. The court held "the statute (18 U.S.C. § 3624) unambiguously states that terms of supervised release on multiple convictions are to run concurrently."[4] In *United States v. Maxwell*, 966 F.2d 545 (10th Cir.1992)[5] the court affirmed a sentence consisting of consecutive terms of imprisonment and supervised release for a defendant convicted of possession with intent to distribute marijuana and carrying a firearm during a drug trafficking offense [18 U.S.C. 924(c)]. The distinction between *Gullickson* and *Maxwell* is the element of a mandatory consecutive sentencing provision in the offense of conviction.

U.S.S.G. § 5G1.2(a) states:

The sentence to be imposed on a count for which the statute mandates a consecutive sentence shall be determined and imposed independently.

U.S.S.G. § 5G1.2, comment, states:

Counts for which a statute mandates a consecutive sentence, such as counts charging the use of a firearm in a violent crime [18 U.S.C. § 924(c)] are treated separately. The sentence imposed on such a count is the sentence indicated for the particular offense of conviction. That sentence then runs consecutively to the sentences imposed on the other counts.

18 U.S.C. § 3146(a)(2) mandates a consecutive sentence of imprisonment. U.S.S.G. § 5G1.2 requires that a sentence for violation of a law which mandates consecutive sentencing "be determined and imposed independently". Section 5G1.2 makes no distinction between imprisonment and supervised release. Therefore, it follows that a sentence which includes supervised release must also be served consecutively. The district judge correctly sentenced BADGER to consecutive terms of supervised release.

*Guideline Adjustment For Specific Offense Characteristics*

■ BADGER next contends that his 19 month sentence of imprisonment in cause number P–89–CR–017 exceeds the sentencing guidelines maximum range of imprisonment due to an erroneous offense level adjustment.[6] BADGER argues that the underlying offense (conspiracy) is by definition a Class C felony.[7] Thus, according to BADGER, the maximum term of imprisonment is 12 years, resulting in a specific offense characteristic adjustment of 6 levels. Again this Court must disagree with Petitioner's analysis.

Although 18 U.S.C. § 3559(a)(3) defines Petitioner's underlying offense as a Class C felony, § 3559(b) states:

"An offense classified under subsection (a) carries all the incidents assigned to the applicable letter designation, *except that the maximum term of imprisonment is the term authorized by the law describing the offense.* (emphasis added)

The maximum term of imprisonment for the underlying offense in Petitioner's case as set by statute is 20 years. Therefore, the sentencing court correctly applied a 9 level offense characteristics adjustment in computing BADGER's guideline sentencing range.

---

4.  982 F.2d 1231, 1236 (8th Cir.1993). *See also United States v. Ravoy*, 994 F.2d 1332 (8th Cir. 1993) holding that periods of supervised release on convictions of multiple counts of mail fraud must run concurrently.

5.  *See also United States v. Shorthouse*, 7 F.3d 149 (9th Cir.1993).

6.  BADGER received a 9 level upward adjustment pursuant to U.S.S.G. § 2J1.6(b)(2)(A) in that the underlying offense for which the defendant failed to appear was punishable by a term of imprisonment for 15 or more years.

7.  18 U.S.C. § 3559(a) **Classification**—An offense that is not specifically classified by a letter grade in the section defining it, is classified if the maximum term of imprisonment authorized is—

(3) less than twenty-five years but ten or more years, as a Class C Felony;

*Remaining Objections*

BADGER's remaining grounds for objection include challenges to the district court's findings of fact in the application of the sentencing guidelines and challenges to the computation of "good time" by officials of the Bureau of Prisons.

■ Not all complaints about a sentence may be brought initially through a section 2255 motion. Section 2255 relief "is reserved for transgressions of constitutional rights and for the narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[8] Section 2255 does not reach errors not of a constitutional or jurisdictional magnitude that could have been reached by direct appeal.[9] Collateral review is fundamentally different from, and may not do service for, a direct appeal.[10]

■ BADGER's challenge to the application of the sentencing guidelines is not of constitutional or jurisdictional magnitude,[11] and could have been raised on direct appeal. Additionally, the computation of good-time credit is an administrative matter within the authority of the Bureau of Prisons.[12] The constitution does not guarantee good-time credit for good behavior while incarcerated.[13] The question then is whether petitioner has satisfied the "cause" and "actual prejudice" test with regard to his claim of error in the imposition of his sentences.

■ In order to prove the "cause" prong of the test, Petitioner must show some external impediment which prevented him from raising the claim.[14] Petitioner provides the Court with no explanation of the reason why he failed to present his grounds for relief herein through his direct appeal. BADGER's claim therefore fails the "cause" and "prejudice" test.

■ If Petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if BADGER can show that a fundamental miscarriage of justice would result from a failure to entertain the claim.[15] Such a miscarriage of justice would be indicated if a constitutional violation probably caused Petitioner to be convicted of a crime of which he is innocent. Petitioner has not alleged that he is innocent, but only that his sentence was improperly computed. Without a "colorable showing of factual innocence", Petitioner fails to show a fundamental miscarriage of justice.[16] BADGER is barred from presenting his remaining grounds for objection in a collateral attack upon his sentence.[17]

## NEED FOR AN EVIDENTIARY HEARING

■ When, as here, a movant for relief under Title 28 U.S.C. § 2255 has presented claims that are either contrary to law or plainly refuted by the record, an evidentiary hearing is not necessary.[18] Accordingly, BADGER's claims in this case do not merit an evidentiary hearing.

8. *U.S. v. Vaughn,* 955 F.2d 367, 368 (5th Cir. 1992); *U.S. v. Weintraub,* 871 F.2d 1257, 1266 (5th Cir.1989).

9. See *U.S. v. Vaughn* at 368; and *U.S. v. Stumpf,* 900 F.2d 842, 845 (5th Cir.1990).

10. See *U.S. v. Frady,* 456 U.S. 152, 165, 102 S.Ct. 1584, 1592–93, 71 L.Ed.2d 816 (1982); *U.S. v. Drobny,* 955 F.2d 990 at 994 (5th Cir.1992); and *U.S. v. Shaid,* 937 F.2d 228 at 231 (5th Cir.1991).

11. *U.S. v. Vaughn,* 955 F.2d 367 (5th Cir.1992).

12. 18 U.S.C. § 3624(b)

13. *Tuitt v. Fair,* 822 F.2d 166 (1st Cir.) *cert. denied,* 484 U.S. 945, 108 S.Ct. 333, 98 L.Ed.2d 360 (1987).

14. *U.S. v. Flores,* 981 F.2d 231 (5th Cir.1993).

15. See *Romero v. Collins,* 961 F.2d 1181 at 1183 (5th Cir.1992); *U.S. v. Flores,* 981 F.2d 231 (5th Cir.1993).

16. See *McCleskey v. Zant,* 499 U.S. 467 at 495, 111 S.Ct. 1454 at 1471, 113 L.Ed.2d 517 (1991).

17. See *U.S. v. Timmreck,* 441 U.S. 780, 783–85, 99 S.Ct. 2085, 2087–88, 60 L.Ed.2d 634 (1979).

18. See *U.S. v. Green,* 882 F.2d 999, 1008 (5th Cir.1989).

## RECOMMENDATIONS

Having considered BADGER's Motion, the pleadings on file, and the relevant law, it is the opinion of the undersigned United States Magistrate Judge that BADGER's Motion pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody should be **DENIED**.

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of this Proposed Findings of Fact and Recommendation on all parties by mailing a copy to each of them by Certified Mail, Return Receipt Requested. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within ten (10) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the Magistrate Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court.[19] Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation contained in this report within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.[20]

Signed, this the 10th day of January, 1994.

---

**19.** *Nettles v. Wainwright,* 677 F.2d 404, 410 (5th Cir.1982). *See Thomas v. Arn,* 474 U.S. 140, 150, 106 S.Ct. 466, 472, 88 L.Ed.2d 435 (1985).

