19 F.3d 1433
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George KATSAKIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-2524.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1994.
 
 Before: MARTIN, SUHRHEINRICH, and SILER, Circuit Judges.
 
 ORDER
 
 1
 George Katsakis, a pro se federal prisoner, appeals a district court order denying his motion to vacate, set aside, or correct his sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 A jury convicted Katsakis in September 1989 on one count of conspiracy to possess with intent to distribute cocaine, and one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. He was sentenced on January 24, 1990, to two concurrent prison terms of 108 months, followed by five years of supervised release. The sentence for the conspiracy count was imposed pursuant to the Sentencing Reform Act of 1984; the sentence for possession was not under the Sentencing Guidelines. A panel of this court affirmed Katsakis's conviction and sentence on direct appeal in an unpublished opinion. United States v. Katsakis, Nos. 90-1164/1327/2165 (6th Cir. Sept. 21, 1992) (per curiam).
 
 
 3
 In his motion to vacate, Katsakis argues only that the district court erred in sentencing him on count one under the Sentencing Guidelines because he was not involved in the conspiracy after November 1, 1987. A non-guidelines sentence on this count would make Katsakis eligible for parole. The district court denied the motion in an order filed on November 19, 1993. On appeal, Katsakis continues to argue the merits of his ground for relief.
 
 
 4
 Upon review, we affirm the district court's order because Katsakis has not shown a fundamental defect in his proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 5
 Katsakis's sentencing issue is not cognizable in this collateral action. Non-constitutional claims that could have been raised on direct appeal cannot be raised in a Sec. 2255 motion as such a motion will not do service for a direct appeal. See Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976); United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992) (per curiam). Moreover, because Katsakis did not raise this issue on direct appeal, he has waived his right to appeal it unless he demonstrates cause and prejudice to excuse his failure to raise it at the earlier opportunity. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Katsakis has not attempted to establish the required cause and prejudice, and so he is not entitled to have his ground for relief considered on its merits.
 
 
 6
 In any event, his argument is meritless, and thus he has failed to demonstrate any prejudice. The district court's finding that Katsakis was involved with the drug conspiracy after the effective date of the guidelines is not clearly erroneous. See United States v. Watkins, 994 F.2d 1192, 1195 (6th Cir.1993). The Sentencing Guidelines apply to a conspiracy that began before November 1, 1987, but continued past that date. United States v. Chambers, 944 F.2d 1253, 1269 (6th Cir.1991), cert. denied, 112 S.Ct. 1217 and 1680 (1992). This court has reasoned that even if a defendant did not participate in the conspiracy after the effective date of the guidelines, the size of a drug conspiracy may make it foreseeable that the conspiracy would continue after the effective date. United States v. Walton, 908 F.2d 1289, 1300 (6th Cir.), cert. denied, 498 U.S. 906, 989, 990 (1990). Thus, a defendant may avoid being sentenced under the guidelines only if he can show that he withdrew from the conspiracy before November 1, 1987. Chambers, 944 F.2d at 1269. The defendant bears the burden of proving his withdrawal from the conspiracy. United States v. Payne, 962 F.2d 1228, 1234 (6th Cir.), cert. denied, 113 S.Ct. 306 and 811 (1992). Simply ceasing to participate does not constitute withdrawal. United States v. Lash, 937 F.2d 1077, 1083 (6th Cir.), cert. denied, 112 S.Ct. 397 (1991) and 112 S.Ct. 943 (1992). Rather, "[t]he defendant must present evidence of some affirmative act of withdrawal on his part, typically either a full confession to the authorities or communication to his co-conspirators that he has abandoned the enterprise and its goals." Chambers, 944 F.2d at 1265.
 
 
 7
 Katsakis's argument at sentencing is devoid of any evidence that he affirmatively withdrew from the conspiracy before November 1, 1987. Instead, he relied on a spring 1988 denial, a 1986 decision by two co-conspirators to discontinue Katsakis's commissions for cocaine deliveries, and the government's lack of proof of an affirmative act in furtherance of the conspiracy after November 1, 1987. This evidence is insufficient, under the standards cited above, to sustain his burden of proof and establish affirmative withdrawal from the conspiracy.
 
 
 8
 Accordingly, the district court's order, filed on November 19, 1993, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.