23 F.3d 409
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Earl VALTMAN, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-3967.
 United States Court of Appeals, Sixth Circuit.
 April 29, 1994.
 
 Before: MERRITT, Chief Judge; MILBURN and SILER, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court order denying his motion to vacate, set aside or correct sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pursuant to a Fed.R.Crim.P. 11 plea agreement, Earl Valtman pleaded guilty to one count of conspiracy to obstruct the enforcement of state gambling laws, a violation of 18 U.S.C. Sec. 1511. He was sentenced to serve twelve months of imprisonment, subsequently modified to a term of one year and one day, and two years of supervised release. Valtman did not appeal his conviction or sentence.
 
 
 3
 In his motion to vacate sentence, Valtman presented three challenges to the calculation of his sentence under the sentencing guidelines. He maintained that the base offense level erroneously included a six-level adjustment for a "commercial gambling operation," U.S.S.G. Sec. 2E3.3(b)(1), that he was improperly deemed a manager or supervisor, U.S.S.G. Sec. 3B1.1(b), and that he was denied a downward adjustment as a minor participant, U.S.S.G. Sec. 3B1.2(b). On appeal, Valtman further alleges that, immediately prior to sentencing, while his attorney was momentarily out of the courtroom, certain law enforcement agents threatened that any objection on his part would result in the loss of pension benefits to his wife and children.
 
 
 4
 Upon review, we conclude that the motion to vacate sentence was properly denied. Valtman has not shown a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). He is not entitled to review under Sec. 2255 because he has not established cause for or actual prejudice from his failure to bring a direct appeal. See United States v. Frady, 456 U.S. 152, 167-69 (1982). See also United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992) (per curiam).
 
 
 5
 Valtman's challenge to the validity of his sentence on grounds of an alleged threat is raised for the first time on the appeal and need not be considered by the court. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990). Moreover, Valtman does not contend that the alleged threat was cause for his failure to bring a direct appeal. He cannot show actual prejudice because his claims lack merit.
 
 
 6
 The parties stipulated in the plea agreement that the enhancement provisions of U.S.S.G. Secs. 2E3.3(b)(1) and 3B1.1(b) applied. Valtman's failure to bring a timely challenge to the plea agreement precludes a grant of relief under 28 U.S.C. Sec. 2255. See United States v. Walsh, 733 F.2d 31, 35 (6th Cir.1984). The alleged threat cannot be construed as an attack on the validity of the plea because, according to Valtman's own statement, the alleged threat was made on the date of sentencing, two months after the entry of the plea.
 
 
 7
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.