37 F.3d 1498
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Maurice Michelle DAVIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-2566.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1994.
 
 Before: NELSON, SUHRHEINRICH and SILER, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court order dismissing his motion to vacate, set aside or correct sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Maurice Michelle Davis pleaded guilty to one count of distribution of heroin, one count of distribution of cocaine base, and one count of using a firearm during a drug trafficking offense. Pursuant to a Fed.R.Crim.P. 11 plea agreement, thirteen additional counts were dismissed. Davis was sentenced to serve two concurrent terms of fifty-seven months of imprisonment, a consecutive term of sixty months of imprisonment, and three years of supervised release. He did not appeal the conviction or sentence.
 
 
 3
 In his motion to vacate sentence, Davis maintained that he was entitled to a greater reduction for acceptance of responsibility, that the sentence was based on a quantity of drugs subject to government control, that his sentence was the result of "sentencing entrapment," and that he was entitled to a downward departure based on the coercive nature of the government's conduct. In an amended motion to vacate, Davis also asserted that he was denied the effective assistance of counsel and that the district court failed to establish a factual basis for the firearm conviction.
 
 
 4
 Upon review, we conclude that the motion was properly dismissed because Davis has not shown a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). We review de novo a lower court's denial of a motion to vacate. See United States v. Popoola, 881 F.2d 811, 812 (9th Cir.1989).
 
 
 5
 Davis is not entitled to review under Sec. 2255 of claims he could have presented on direct appeal unless he demonstrates both cause for and actual prejudice from his failure to do so. See United States v. Frady, 456 U.S. 152, 167-69 (1982); see also United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992) (per curiam) (nonconstitutional claims, involving those asserting a technical misapplication of the guidelines, that could have been raised on direct appeal may not be asserted in a Sec. 2255 proceeding). Because Davis does not allege cause for his failure to challenge his sentence on direct appeal, his first four claims were properly dismissed.
 
 
 6
 In his remaining two claims, ineffective assistance of counsel and the lack of a factual basis for the firearm conviction, Davis asserts that his counsel did not properly investigate the factual basis for the charge, wrongly advised him to plead guilty and failed to recognize that an appealable issue concerning the firearm conviction could have been raised on appeal. His claims lack merit.
 
 
 7
 Davis has not shown that his counsel was ineffective. To establish ineffective assistance of counsel, Davis must show that counsel's performance was deficient and that the deficiency prejudiced the defense so as to render the result unreliable. See Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish prejudice within a guilty plea context, Davis must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). In support of his claim, Davis maintained that counsel did not properly investigate the facts supporting the firearm charge (count three). In particular, he asserted that there was no evidence to show that he possessed a gun during a drug offense "on or about" July 21, 1991, the date specified in the indictment. However, Davis does not dispute that the government's evidence would have been sufficient to establish that he trafficked in drugs between June 28 and August 1, 1991, that he sold a firearm to an undercover officer on the occasion of a drug transaction on July 12, 1991, and that he boasted during a drug transaction on July 25, 1991, of having recently acquired a handgun.
 
 
 8
 Even in light of counsel's alleged failure to note any factual errors in the indictment, Davis has not shown that he would have insisted on going to trial or that counsel's performance was otherwise inadequate. For example, the plea agreement negotiated by counsel resulted in the dismissal of thirteen of the sixteen counts against Davis. Moreover, any variance between the indictment and evidence that might have been presented at trial, such as amending the date from on or about "July 21" to "July 12", would not have been unduly prejudicial absent a showing that the defendant was not on notice of the nature or cause of the accusations against him. Cf. United States v. Ford, 872 F.2d 1231, 1235 (6th Cir.1989), cert. denied, 495 U.S. 918 (1990). Davis has not asserted that he was unaware of the nature of the charges against him.
 
 
 9
 Davis's additional argument, that the district court failed to establish a factual basis for the guilty plea, as required by Fed.R.Crim.P. 11(f), is unavailing. Technical violations of the Federal Rules of Criminal Procedure alone will not warrant relief under 28 U.S.C. Sec. 2255. United States v. Timmreck, 441 U.S. 780, 783-84 (1979).
 
 
 10
 Finally, the district court did not err by failing to hold an evidentiary hearing. An evidentiary hearing is not required where the files and record of the case conclusively show that the petitioner is not entitled to relief. Todaro, 982 F.2d at 1028.
 
 
 11
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.