42 F.3d 1390
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William M. YOUNG, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-3330.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1994.
 ORDER
 
 1
 Before: RYAN and BATCHELDER, Circuit Judges, and EDGAR, District Judge.*
 
 
 2
 William M. Young, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 A federal grand jury charged Young with one count of conspiracy to possess crack cocaine, in violation of 21 U.S.C. Sec. 841(a)(1) and (b)(1), and Sec. 846, one count of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2, one count of possession of a firearm during and in relation to drug trafficking crimes, in violation of 18 U.S.C. Sec. 924(c), and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. Secs. 922(g)(1) and 924(a)(1). The trial court acquitted Young as to the conspiracy charge, and the jury convicted him on the remaining counts. In March 1990, the trial court sentenced him to 132 months of imprisonment. This court affirmed his conviction and sentence. United States v. Young, No. 90-3257 (6th Cir. Jan. 7, 1991) (per curiam).
 
 
 4
 In his motion to vacate sentence, Young argues that: 1) the trial judge erred when he did not instruct the jury on the lesser included offense of simple possession; 2) the presentence report and the trial court improperly calculated his base offense level and guideline range; and 3) counsel rendered ineffective assistance. The district court noted that Young did not raise his second claim in his direct appeal and determined that his claims were without merit and denied the motion. Young has filed a timely appeal, reasserting his same claims.
 
 
 5
 Upon review, we conclude that the district court properly denied Young's motion to vacate sentence because he has not shown a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 6
 Young has waived his right to raise his first claim because he did not raise it on direct appeal. Claims that could have been raised on direct appeal may not be raised in a Sec. 2255 motion, unless the defendant demonstrates cause and prejudice to excuse his failure to do so. See United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Young has not established cause for his failure to raise this claim on appeal. Further, a review of the record establishes that Young has suffered no prejudice as this claim is without merit. Young was not entitled to an instruction on the lesser included offense of simple possession as the evidence was sufficient to convict him of the greater offense. See United States v. Levy, 904 F.2d 1026, 1031 (6th Cir.1990), cert. denied, 498 U.S. 1091 (1991).
 
 
 7
 Young's second claim regarding his sentence calculation is also not reviewable under Sec. 2255 as it does not present a constitutional challenge. See Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976) (a motion to vacate under Sec. 2255 is not a substitute for a direct appeal); United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992) (per curiam) (nonconstitutional claims, including a district court's technical application of the guidelines, that could have been raised on appeal, may not be asserted in a collateral proceeding). Even if we were to construe this claim as presenting a constitutional challenge, Young has waived his right to raise this claim because he did not raise it on direct appeal, and he has not established cause and prejudice to excuse his failure to do so. See Frady, 456 U.S. at 167-69; Ratliff, 999 F.2d at 1025. Young argues that he did not previously present these claims due to his pro se status and because counsel rendered ineffective assistance. However, Young was previously aware of this issue as he raised an objection on this ground at his sentencing hearing. Thus, he has not established cause for his failure to raise his second claim on direct appeal. Further, a review of the record establishes that Young has suffered no prejudice, because the government presented evidence indicating that Young was aware of the criminal enterprise and that he understood the scope and structure of the enterprise. Thus, he was not a minimal participant who was entitled to a four level reduction in his guideline range. See U.S.S.G. Sec. 3B1.2, comments (n. 1) and (n. 2) (Nov. 1, 1989); see also United States v. Phibbs, 999 F.2d 1053, 1075 (6th Cir.1993), cert. denied, 114 U.S. 1070 and 1071 (1994).
 
 
 8
 Finally, we likewise conclude that counsel rendered effective assistance regarding the above issues. See Strickland v. Washington, 466 U.S. 668, 687 (1984); Lewandowski v. Makel, 949 F.2d 884, 888 (6th Cir.1991).
 
 
 9
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable R. Allen Edgar, U.S. District Judge for the Eastern District of Tennessee, sitting by designation