43 F.3d 1472
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Melvin Henry IGNATOW, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-5588.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1994.
 
 Before: KEITH, JONES and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court judgment denying his motion attacking his sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Melvin Henry Ignatow pleaded guilty to perjury, subornation of perjury, and making a false statement to a federal agent. 18 U.S.C. Secs. 1623, 1622, and 1001. He was sentenced to 97 months of imprisonment and a $50 assessment on each count. Ignatow did not file a direct criminal appeal. In his Sec. 2255 motion, Ignatow claimed that: 1) his sentence should be corrected because it was the product of an improper application of the Sentencing Guidelines, and 2) he received ineffective assistance of counsel because counsel did not object to the sentence calculation, file a direct criminal appeal, or challenge his consecutive sentences. The district court denied the motion, and Ignatow has filed a timely appeal from that judgment, reasserting his same arguments.
 
 
 3
 The district court properly denied the motion to vacate because Ignatow has not shown a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. See United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 4
 Ignatow's first claim challenging the calculation of his sentence is not even subject to review under Sec. 2255. See Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976) (non-constitutional claims that could have been raised on direct appeal cannot be raised in a Sec. 2255 motion, as such a motion will not do service for a direct appeal); United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992) (per curiam) (non-constitutional claims, including those challenging a court's application of the sentence guidelines, that could have been raised on direct appeal, may not be asserted in a collateral proceeding). In addition, this court has ruled that the failure to raise an issue at an earlier opportunity constitutes a waiver. United States v. Walsh, 733 F.2d 31, 34-35 (6th Cir.1984).
 
 
 5
 Even if Ignatow's claim is deemed cognizable, in order to have the claim considered on the merits, Ignatow must show cause and actual prejudice to excuse his failure to object to the sentence and bring a direct appeal. United States v. Frady, 456 U.S. 152, 165 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Ignatow attempts to meet this standard by arguing, as his second claim, that he received ineffective assistance of counsel by virtue of counsel's failure to object to Ignatow's sentence and file an appeal. Upon review, however, we conclude that counsel rendered effective assistance and that the district court properly calculated Ignatow's sentence and that it also properly ordered the sentence for making a false statement to run consecutively to his concurrent sentences for perjury and subornation of perjury. Ignatow has failed to show that counsel rendered ineffective assistance. See Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 6
 Accordingly, the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.