51 F.3d 272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arthur Lee HARRIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1739.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1995.
 
 Before: KRUPANSKY, NELSON and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Arthur Lee Harris appeals a district court order denying his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1991, a jury convicted Harris of conspiracy to distribute narcotics, possession with intent to distribute narcotics, being a felon in possession of a firearm, and using a firearm during and in relation to a felony drug offense. The district court sentenced Harris to twenty-five years of imprisonment. This court affirmed Harris's conviction and sentence on appeal. See United States v. Harris, Case Nos. 91-2421/2422/2423 (6th Cir. Dec. 31, 1992) (unpublished per curiam), cert. denied, 113 S.Ct. 1659 (1993).
 
 
 3
 Harris then filed his motion to vacate sentence, alleging that: (1) a variance existed between his indictment and the facts shown at trial; (2) the district court erroneously determined that his base offense level under the Sentence Guidelines was 36; (3) the district court failed to comply with the provisions of 21 U.S.C. Sec. 851(b); (4) his sentence for being a felon in possession of a firearm was in violation of the Sentence Guidelines; and (5) he received ineffective assistance of counsel. The district court determined that Harris's claims could have been raised on direct appeal and, therefore, review of his claims was precluded. Nonetheless, the district court also determined that his claims were without merit and denied the motion. Harris has filed a timely appeal.
 
 
 4
 Upon review, we conclude that the district court properly denied Harris's motion to vacate. Harris has not shown a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 5
 Initially, we note that Harris's claims, except for his ineffective assistance of counsel claim, are not cognizable in this collateral proceeding, as they could have been but were not raised on direct appeal. See Stone v. Powell, 428 U.S. 465, 477 n. 10 (1976); United States v. Vaughn, 955 F.2d 367, 368 (5th Cir.1992) (per curiam). Even if cognizable, Harris's claims are reviewable only if Harris can show cause and prejudice to excuse his failure to previously raise these claims. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Frady, 456 U.S. 152, 167-69 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). The district court properly determined that Harris made no such showing.
 
 
 6
 Nonetheless, we note that an improper variance did not exist between Harris's indictment and the facts presented at trial. See United States v. Paulino, 935 F.2d 739, 748 (6th Cir.), cert. denied, 112 S.Ct. 315 and 323 (1991). Further, Harris was not prejudiced by the district court's use of a base offense level of 36 in determining his sentence under the Sentence Guidelines. The district court complied with the requirements of 21 U.S.C. Sec. 851(b) in sentencing Harris. The district court properly sentenced Harris for being a felon in possession of a firearm. Lastly, Harris did not receive ineffective assistance of counsel, because he was not prejudiced by his counsel's failure to raise any of these claims. See Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 7
 Accordingly, this court affirms the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.