**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 95-50003**
**Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**HOMER LYNN HIXON,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**(W-89-CR-96-1)**
_____
(June 29, 1995)

Before JONES, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

Homer Hixon, *pro se*, appeals from the denial of 28 U.S.C. §
2255 relief.  We **AFFIRM**.

I.

Hixon pleaded guilty to a charge of conspiracy to distribute
amphetamine, and was sentenced, *inter alia*, to 210 months
imprisonment.  In sentencing Hixon, the district court applied the
career offender guideline, U.S.S.G. § 4B1.1, in light of Hixon's

---

[1]    Local Rule 47.5.1 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that rule, the court has determined that this opinion
should not be published.

two prior state court convictions for delivery of amphetamine. Our court affirmed his conviction and sentence on direct appeal. *United States v. Hixon*, No. 90-8172 (5th Cir. June 7, 1990) (unpublished). In 1994, Hixon moved for modification of his sentence under 28 U.S.C. § 3582, claiming improper application of the career offender guideline. The district court, which first determined that the motion was governed by 28 U.S.C. § 2255, denied the motion initially, and again on Hixon's motion for reconsideration.

## II.

Hixon claims § 2255 relief based on *United States v. Bellazerius*, 24 F.3d 698, 700-02 (5th Cir.), *cert. denied*, 115 S. Ct. 375 (1994), which held that the Sentencing Commission exceeded its authority under 28 U.S.C. § 994(h) in applying the career offender guideline to defendants (like Hixon) convicted only of conspiracy offenses. Hixon concludes that he is entitled to relief because the career offender guideline cannot be applied to his conspiracy conviction.

"Relief under ... § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Our court recently addressed the precise issue raised by Hixon and held that it is not

cognizable under § 2255.  ***United States v. Williams***, No. 94-50329

(5th Cir. March 27, 1995) (unpublished).[2]

III.

For the foregoing reasons, the judgement is

**AFFIRMED.**

---

[2]    Because ***Williams*** bars Hixon's claim, we need not address the retroactivity *vel non* of ***Bellazerius***.

- 3 -