IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60207
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT GARY JONES,

Defendant-Appellant.


- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:94-CV-661
- - - - - - - - - -
July 24, 1995

Before JOLLY, DAVIS and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

This case is here on a motion to proceed in forma pauperis (IFP) on appeal. This court may authorize Jones to proceed IFP on appeal if he is unable to pay the costs of the appeal and the appeal is taken in good faith, i.e., the appeal presents nonfrivolous issues. 28 U.S.C. § 1915(a); Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir.), cert. denied, 488 U.S. 931 (1988).

_____

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

Jones filed this motion under 28 U.S.C. § 2255, alleging that 1) resentencing was required because the district court relied on his prior uncounseled convictions;** 2) that his counsel was ineffective for failing to object to the erroneous application of the sentencing guidelines; and 3) that his counsel was ineffective for failing to file a notice of appeal. The district court denied Jones' § 2255 motion without a hearing and denied Jones' motion to proceed IFP on appeal.

Jones argues that his counsel was ineffective for failing to file a notice of appeal. He contends that the district court abused its discretion in taking counsel's affidavit at face value over his affidavit without a hearing to determine credibility. Jones contends that he called counsel's office and was assured that his appeal would be perfected.

The failure of counsel to perfect an appeal upon request of his client, or failure to advise the client of his right to appeal and the time limits involved may constitute ineffective assistance, entitling the defendant to an out-of-time appeal. See United States v. Gipson, 985 F.2d 212, 215 (5th Cir. 1993). "If a petitioner [movant] can prove that the ineffective assistance of counsel denied him the right to appeal, then he need not further establish--as a prerequisite to habeas relief-- that he had some chance of success on appeal." Gipson, 985 F.2d at 215.

---

** Jones does not raise this issue in his appellate brief, and so it is considered abandoned. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

"A motion brought under 28 U.S.C. § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."  United States v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992).  The affidavits of Jones and Davis raise a factual dispute regarding whether Davis, through his secretary, promised to file a notice of appeal on behalf of Jones.  If Jones' allegations are believed, he is entitled to relief on this issue. See Perez v. Wainwright, 640 F.2d 596, 597-99 (5th Cir. 1981), cert. denied, 456 U.S. 910 (1982) (failure to file an appeal as promised constitutes a Sixth Amendment violation).  The district court is required under § 2255 to conduct an evidentiary hearing when affidavits raise fact disputes.  May v. Collins, 955 F.2d 299, 311 (5th Cir.), cert. denied, 504 U.S. 901 (1992) (citing Machibroda v. United States, 368 U.S. 487, 494-96 (1962)).  The district court erred in failing to conduct an evidentiary hearing on this claim in light of the conflicting affidavits.

This issue is not frivolous.  Therefore, IFP is hereby GRANTED, and this case is VACATED AND REMANDED for an evidentiary hearing on this claim.  See Clark v. Williams, 693 F.2d 381, 382 (5th Cir. 1982) (the court may dispose of the appeal on the merits on a motion for IFP).

Jones argues that he should not have received the upward adjustment for managerial role in the offense because he and his wife bore equal responsibility in the crime.  He further argues that his counsel was ineffective for failing to challenge the adjustment.  Upon original sentencing, Jones objected to the

adjustment for role in the offense. At resentencing, Jones' attorney adopted the original objection, which the district court denied. Therefore, Jones' claim that his attorney failed to challenge the adjustment is not supported by the record.

Regarding Jones' substantive argument that the adjustment should not have been applied, Jones could have raised, but did not raise this issue in his first direct appeal. "Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Technical misapplication of the Sentencing Guidelines does not give rise to a constitutional issue. Id. "[A] challenge to a sentencing judge's technical application of the sentencing guidelines may not be raised in a § 2255 proceeding." United States v. Faubion, 19 F.3d 226, 233 (5th Cir. 1994) (citing inter alia Vaughn, 955 F.2d at 368). This claim is not cognizable in this § 2255 proceeding. The denial of § 2255 relief on this ground is AFFIRMED.

Jones argues that his counsel was ineffective for failing to advise him to plead guilty. Jones did not raise this issue in his § 2255 motion in the district court, and so we will not consider it. United States v. Madkins, 14 F.3d 277, 279 (5th Cir. 1994).

IFP GRANTED, AFFIRMED IN PART, VACATED AND REMANDED IN PART FOR EVIDENTIARY HEARING.