# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 4, 2020

Lyle W. Cayce
Clerk

No. 17-50989

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO RODRIGUEZ-CASTRO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:16-CV-255

Before JOLLY, GRAVES, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Francisco Rodriguez-Castro, federal inmate # 56468-280, appeals the district court's denial of his motion to vacate his sentence under 28 U.S.C. § 2255. We affirm.

## FACTS AND PROCEDURAL HISTORY

Rodriguez-Castro pleaded guilty to conspiracy to possess with intent to distribute fifty grams or more of methamphetamine. Pursuant to his plea, Rodriguez-Castro agreed to an appeal waiver, including a waiver of his right

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50989

to challenge his conviction in a collateral proceeding, but reserved the right to raise claims of ineffective assistance of counsel and prosecutorial misconduct. Relying on the presentence report, the district court sentenced Rodriguez-Castro as a career offender under U.S.S.G. § 4B1.1 based on his prior drug convictions.[1] The career offender designation produced an advisory sentencing guidelines range of 262 to 327 months. Without the career offender designation, Rodriguez-Castro's sentencing guidelines range would have been 135 to 168 months. The court sentenced Rodriguez-Castro to 262 months and five years of supervised release, a sentence at the bottom of the range for career offenders and well below the statutory maximum sentence of life imprisonment.

On direct appeal, Rodriguez-Castro's counsel moved for leave to withdraw and filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), asserting that there was no non-frivolous issue for appeal and that the government intended to enforce the appeal waiver. This court granted counsel's motion to withdraw and dismissed the appeal on April 20, 2016. *See United States v. Rodriguez-Castro*, 646 F. App'x 361, 361-62 (5th Cir. 2016).

On June 23, 2016, the United States Supreme Court decided *Mathis v. United States*, 136 S. Ct. 2243 (2016), which clarified the rules courts use to determine whether state criminal statutes fall within generic categories created by federal law. *Id.* at 2256-57. In subsequent decisions, our court has applied Mathis to conclude that convictions under TEXAS HEALTH & SAFETY CODE § 481.112(a) are not "controlled substance offense[s]" under

---

[1] Under U.S.S.G. § 4B1.1, courts apply the career offender sentencing enhancement to certain defendants who have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." Id. Here, one of Rodriguez-Castro's two predicate convictions was a federal offense for possessing with intent to distribute cocaine and cocaine base. The other predicate conviction arose under TEXAS HEALTH & SAFETY CODE § 481.112(a), which provides that an offense is committed "if [a] person knowingly manufactures, delivers, or possesses with intent to deliver a controlled substance." *Id.*

No. 17-50989

U.S.S.G. § 4B1.1. *United States v. Hinkle*, 832 F.3d 569, 576–77 (5th Cir. 2016); *United States v. Tanksley*, 848 F.3d 347, 352 (5th Cir. 2017).

On June 30, 2016, which was within the ninety-day time-period for petitioning the Supreme Court for a writ of certiorari on direct appeal, Rodriguez-Castro filed a pro se motion under 28 U.S.C. § 2255 challenging his career offender designation. Rodriguez-Castro also unsuccessfully moved the district court for appointment of counsel. Through counsel obtained on his own, Rodriguez-Castro's motion was later amended to assert that the district court erred in designating him as a career offender because his prior Texas drug offense no longer qualified as a predicate controlled substance offense under *Mathis* and *Hinkle*, and that counsel was ineffective for failing to object to the use of the Texas offense in support of the guidelines career offender designation. The district court denied Rodriguez-Castro's motion and denied a certificate of appealability (COA).

This court subsequently granted a COA on the issue of whether the "miscarriage of justice" exception under *United States v. Vaughn*, 955 F.2d 367 (5th Cir. 1992), applies in light of the unique timing of the various events of Rodriguez-Castro's case. *Id.* At 368 ("Relief under . . . § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."); *see also Conley v. United States*, 137 S. Ct. 153 (2016).

**STANDARD OF REVIEW**

In considering the denial of relief under § 2255, this court reviews the district court's factual findings for clear error and questions of law de novo. *See United States v. Williamson*, 183 F.3d 458, 461 (5th 1999).

**DISCUSSION**

Nonconstitutional claims are only cognizable under § 2255 if they stem from injuries "that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." Vaughn, 955 F.2d at 368. In his § 2255 proceeding, Rodriguez-Castro raised a nonconstitutional claim by challenging his sentencing as a career offender under the advisory Sentencing Guidelines based on cases, including *Mathis*, that issued after we dismissed his direct appeal as frivolous. Even if Rodriguez-Castro could not have asserted his instant challenge to the district court's application of the Sentencing Guidelines on direct appeal, he has not shown that his career offender designation raises a cognizable claim of a fundamental defect resulting in a complete miscarriage of justice. *See United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A 1981); *see also United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). Rodriguez-Castro received a 262-month sentence, which is below the statutory maximum term of life imprisonment. Even if he is no longer a career offender under the Guidelines, which are advisory, *see United States v. Clay*, 787 F.3d 328, 331 (5th Cir. 2015), he has not shown that his sentence is unlawful or was invalid at the time it was entered, *see United States v. Addonizio*, 442 U.S. 178, 185-87 (1979); *United States v. Towe*, 26 F.3d 614, 616 (5th Cir. 1994); *Dozier v. U.S. Dist. Court for Northern Dist. of Florida*, 656 F.2d 990, 992 (5th Cir. Unit B 1981); *see also* § 2255(a).

Furthermore, although *Mathis* issued within the ninety-day period for seeking a writ of certiorari after the dismissal of Rodriguez-Castro's direct appeal, and although Rodriguez-Castro sought and was denied counsel during that ninety-day period, he had no right to counsel to file a petition for a writ of certiorari. *See Wainwright v. Torna*, 455 U.S. 586, 586 (1982). Moreover, he

No. 17-50989

elected not to petition, pro se, for a writ.  Thus, as to the timing of his direct appeal and his efforts to obtain counsel while his direct appeal was still viable, Rodriguez-Castro has not shown any purported violation much less a violation rising to the level of a complete miscarriage of justice.  *See Capua*, 656 F.2d at 1037.

To the extent that Rodriguez-Castro seeks to raise an independent claim of ineffective assistance of counsel, it is beyond the scope of the issue on which his COA was granted.  *See United States v. White*, 307 F.3d 336, 339 n.1 (5th Cir. 2002).  In any event, counsel does not have a duty to anticipate changes in the law or to raise claims that this court has rejected.  *See United States v. Fields*, 565 F.3d 290, 294-95 (5th Cir. 2009).

For these reasons, the district court's judgment denying Rodriguez-Castro's Amended Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255 is AFFIRMED.