# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 30, 2020

Lyle W. Cayce
Clerk

No. 19-40531

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROBERT L. HEDRICK,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:17-CV-36
USDC No. 1:11-CR-715-1

Before JONES, COSTA, and WILSON, *Circuit Judges*.

PER CURIAM:*

Robert L. Hedrick, federal prisoner # 94886-279, was convicted by a jury of offenses relating to child pornography and attempted sexual exploitation of children, and he is serving an aggregate 360-month sentence. He filed a 28 U.S.C. § 2255 motion challenging these convictions, raising

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

claims of ineffective assistance by trial and appellate counsel. The district court denied relief, concluding that Hedrick's motion was a restatement of his allegations of a convoluted conspiracy that had previously been found to be frivolous by the district and appellate courts. Hedrick now seeks a certificate of appealability (COA) to appeal this ruling.

To obtain a COA, Hedrick must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). He will satisfy this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). To the extent the district court rejected his claims on their merits, Hedrick "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484; *see also Miller-El*, 537 U.S. at 338. If, however, the district court's ruling is construed as a dismissal on procedural grounds, Hedrick must show "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

To the extent that Hedrick is complaining about his access to the law library and is alleging that prison officials or others are tampering with his mail, such claims are not cognizable in § 2255 proceedings. *See Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005); *Davis v. Fechtel*, 150 F.3d 486, 490 (5th Cir. 1998). Similarly, to the extent that Hedrick is challenging his conviction based on substantive claims that a conspiracy framed him and is attempting to silence him, we decline to consider such claims. *See Padilla*, 416 F.3d at 425-26.

Hedrick also argues, however, that the district court erred in denying relief without considering the claims that he presented in his § 2255 motion. "Relief under . . . § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1999). Allegations of ineffective assistance of counsel, such as those presented by Hedrick, are proper in § 2255 proceedings. *See Massaro v. United States*, 538 U.S. 500, 503-04 (2003). Moreover, some of Hedrick's claims, such as his assertions that counsel should have challenged the restitution order on various grounds, do not appear related to the conspiracy theory espoused by Hedrick and previously rejected by the courts.

Accordingly, reasonable jurists would debate whether the district court erred in summarily denying relief without considering Hedrick's ineffective assistance claims to the extent they (a) were not previously raised and (b) do not pertain to conspiracy and other such claims previously rejected by this court and the district court. *See Slack*, 529 U.S. at 484. As a result, COA is GRANTED as to this claim. His motion for leave to proceed in forma pauperis is likewise GRANTED. As further briefing is not necessary on this issue, the judgment is VACATED and the case REMANDED for further proceedings in accordance with this opinion. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1998). Hedrick's numerous other motions seeking various relief are DENIED. We express no opinion on the merits of Hedrick's ineffective assistance allegations, but strongly caution him that sanctions will be imposed for future frivolous filings. In addition, we note that the district court is free to consider whether Hedrick's § 2255 motion was filed in a timely manner.