United States Court of Appeals,

Fifth Circuit.

No. 92-5571.

UNITED STATES of America, Plaintiff-Appellee,

v.

Luis S. SANTIAGO, Defendant-Appellant.

June 21, 1993.

Appeal from the United States District Court for the Western District of Texas.

Before POLITZ, Chief Judge, DUHÉ, Circuit Judge, and BELEW,[*] District Judge.

POLITZ, Chief Judge:

Asserting a *Brady*[1] violation, a sentencing error and ineffective assistance of counsel, Luis S. Santiago appeals *pro se* the denial of his motion to vacate sentence under 28 U.S.C. § 2255. For the reasons assigned we affirm in part and vacate and remand in part.

BACKGROUND

DEA agents met with Francisco Altamirano at a Denny's restaurant in San Antonio where Altamirano was to deliver 15 ounces of cocaine. Santiago was in a nearby booth, within earshot. Altamirano told the agents he had seven ounces and after they paid for those, he could get the remaining eight ounces from his source a few blocks away.

An agent displayed the cash to Altamirano and then returned it to his auto; Santiago followed him out of the restaurant and appeared to be conducting counter-surveillance as he walked to the parking lot of a restaurant located about two blocks distant. He there entered a blue Chevy Malibu occupied by two other individuals. Altamirano then produced seven ounces of cocaine for the agents and was immediately arrested. On signal, Santiago and the two individuals in the Malibu, Walter and Sonia Albrecht, also were arrested. Santiago eventually admitted that he owned a nearby gold Ford Thunderbird in the parking lot. The agents looked through the window of the Thunderbird and saw

[*]District Judge of the Northern District of Texas, sitting by designation.

[1]*Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

a bag which Santiago had carried as he left Denny's. They obtained a search warrant, searched the car, and found eight ounces of cocaine in two containers. Sonia Albrecht's fingerprints were on one of the containers. Walter Albrecht's prints were found on the paper bag containing the first seven ounces. In addition, the search revealed handwritten records of drug transactions, some of which were identified at trial as being in Santiago's handwriting.

Santiago was convicted by a jury of conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine. At sentencing, Santiago's offense level was increased for his leadership role in the offense. He was sentenced to concurrent terms of 84 months incarceration and five years supervised released on the two counts. On appeal we affirmed his conviction and sentence. Proceeding *pro se* he filed the instant section 2255 motion to vacate sentence which was denied by the district court. From that order, he timely appeals.

## ANALYSIS

*The Brady Violation*

Santiago claims that, in violation of *Brady v. Maryland,*[2] the government failed to reveal the existence of an immunity agreement with the Albrechts or otherwise failed to reveal that they could testify that they owned the cocaine found in his car. The Albrechts were not called to testify at trial. To establish a *Brady* violation, the defendant must establish: (1) evidence was suppressed, (2) the evidence was favorable to the defense, and (3) the evidence was material to guilt or punishment.[3]

The district court dismissed this claim finding that given his involvement with the Albrechts, the fact that they were guilty of a crime and granted immunity would only inculpate Santiago. We agree. He was indicted for conspiring with Altamirano and others; the Albrechts reasonably could be considered those others. In addition, Santiago failed to subpoena the Albrechts despite the opportunity to do so. Finally, Santiago has not established the exculpatory nature of the allegedly suppressed evidence—his allegations are mere speculation and conjecture. He has failed to demonstrate a *Brady* violation.

---

[2] 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

[3] *United States v. Ellender,* 947 F.2d 748 (5th Cir.1991).

*Sentencing—Leadership Role*

Santiago challenges the increase in the computation of his guideline offense level for his leadership role, advancing two grounds: (1) the increase was based upon an incorrect interpretation of the requirements for such an adjustment, and (2) it was made on the basis of unreliable evidence. His first challenge was raised and disposed of on direct appeal; we will not reconsider that issue on a section 2255 motion.[4] His second challenge invokes the due process requirement that a defendant be sentenced on the basis of evidence having some minimal indicia of reliability and that the information bear some rational relationship to the court's decision to impose a particular sentence.[5] The burden is on the defendant to demonstrate that the information relied on at sentencing is materially untrue.[6]

Santiago alleges that his coconspirator, Altamirano, lied to the probation officer when stating that Santiago was his cocaine source, and that this lie caused the increase in the offense level. The record contains sufficient additional evidence, however, supporting the statement and the increase. For example, we noted in reviewing Santiago's direct appeal:

> [E]ight ounces of cocaine were seized from Santiago's car—the exact amount that Altamirano had represented he would retrieve from his source and deliver to the undercover agents in order to consummate the two-part transaction. Moreover, the location of Santiago and his car were consistent with Altamirano's representations as to the location of his source.

Other evidence of his leadership role included the bag in his car containing records written in Santiago's handwriting detailing substantial drug transactions.

*Ineffective Assistance*

*Appellate Counsel*

Santiago also alleges that he received ineffective assistance of appellate counsel because on the direct appeal his counsel refused to introduce certain affidavits as new evidence. These are the

---

[4]*United States v. Kalish,* 780 F.2d 506 (5th Cir.), *cert. denied,* 476 U.S. 1118, 106 S.Ct. 1977, 90 L.Ed.2d 660 (1986). Santiago also contends that the trial court improperly relied on Altamirano's hearsay statements and that he was deprived of his confrontation rights regarding these statements. This issue was also raised on direct appeal and will not be considered.

[5]*United States v. Fulbright,* 804 F.2d 847 (5th Cir.1986).

[6]*United States v. Flores,* 875 F.2d 1110 (5th Cir.1989).

same affidavits which Santiago presented with his section 2255 motion, asserting that Altamirano lied to the probation officer. An ineffective assistance claim requires proof both that counsel's representation was deficient and that the defendant was prejudiced by the deficient performance.[7]

Santiago's counsel was not deficient; Santiago had no right to produce new evidence on appeal. We have held, "[w]e will not consider on appeal, however, evidence not produced at the sentencing hearing and arguments not raised in the trial court."[8] In addition, Santiago cannot demonstrate prejudice, i.e., that there is a reasonable probability that but for counsel's errors, the result would have been different.[9] As noted above, there was ample evidence, apart from Altamirano's testimony, to support the offense level increase.

*Trial Counsel's Conflict of Interest*

Santiago raises several deficiencies of trial counsel for the first time on appeal, one of which gives us serious pause. Santiago avers that his trial counsel, without his knowledge, also represented the Albrechts at all relevant times. He states that he learned of the conflict for the first time in June 1992, after the district court had dismissed his section 2255 motion and it was pending appeal. This raises serious concerns, given the apparent plethora of evidence connecting the Albrechts with the drugs and the fact that they were never prosecuted for this offense.

"[W]hen a new factual or legal issue is raised for the first time on appeal, plain error occurs where our failure to consider the question results in "manifest injustice.' "[10] This claim alleging conflict of interest is not sufficiently developed in the record before us to permit an adequate review of its merits. We find that manifest injustice might result if we did not remand for an evidentiary hearing on whether Santiago's trial counsel provided ineffective assistance of counsel because he was

---

[7]*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

[8]*U.S. v. Bounds,* 943 F.2d 541 (5th Cir.1991).

[9]*Strickland.*

[10]*United States v. Lopez,* 923 F.2d 47, 50 (5th Cir.), *cert. denied,* --- U.S. ----, 111 S.Ct. 2032, 114 L.Ed.2d 117 (1991).

operating under a conflict of interest.[11]  The district court is urged to appoint counsel for Santiago

for the proceedings on remand.

For the foregoing reasons, we AFFIRM IN PART and VACATE AND REMAND IN PART.

---

[11]Trial counsel's other deficiencies alleged by Santiago include:  (1) failure to object to and request limiting instructions as to statements made by Altamirano;  and (2) failure to conduct an adequate investigation regarding the Albrechts, and failure to subpoena them.  On remand these claims need only be considered to the extent that they are relevant to the inquiry regarding the conflict of interest.