IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

Nos. 95-60748 & 95-60750
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

WILMER O. ROWE, Jr.,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
- - - - - - - - - -

June 13, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Wilmer Rowe, #245-23-077, appeals the district court's denial of his joint motion to vacate, set aside, or correct his sentences pursuant to 28 U.S.C. § 2255. This court need not consider the issues whether the Government breached the Florida plea agreement, whether the district court calculated the applicable restitution amount improperly, and whether the district court erred by entering a restitution order without finding that Rowe had the ability to pay restitution because these issues were decided on Rowe's direct

_____

[1] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

criminal appeal.  See United States v. Santiago, 993 F.2d 504, 506 & n.4 (5th Cir. 1993).  Rowe's allegations that the district court erred by denying his § 2255 motion because the Government committed prosecutorial misconduct, because the Government failed to disclose material terms of the plea agreement at sentencing, and because he was denied a fair sentencing due to alleged deliberate false testimony of witnesses Fellabaum and Fayard are not within the scope of § 2255 because they are nonconstitutional issues that could have been raised on direct appeal.  See United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992); United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. 1981).  Rowe's allegations that he was denied effective assistance of counsel do not support relief because the allegations are conclusional.  See Lincecum v. Collins, 958 F.2d 1271, 1279-80 (5th Cir.), cert. denied, 506 U.S. 957 (1992).

AFFIRMED.