IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20735
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

FREDDIE BENITO JEREZ,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CA-H-95-1471
- - - - - - - - - -
June 20, 1996

Before GARWOOD, WIENER, and PARKER, Circuit Judges.

PER CURIAM:[*]

Freddie Benito Jerez's motion for leave to proceed *in forma pauperis* (IFP) is DENIED.

Jerez appeals the denials of his motions for relief pursuant to 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(2). Jerez contends that his conviction violated double jeopardy; that the Government withheld information material to his sentencing; that the

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

district court should have retroactively applied amendments to the sentencing guidelines regarding the separation of drugs from other substances to calculate drug quantities and improper Government conduct in increasing the drug quantities defendants purchase; that he was sentenced on materially inaccurate information; that the district court improperly adjusted his offense level upward for his earlier failure to appear; that the district court violated FED. R. CRIM. P. 32 at sentencing; and that he received ineffective assistance of counsel.

Jerez's conviction did not violate double jeopardy. The funds forfeited in an earlier proceeding ($112,000) were to be used to purchase the marijuana supplied by the Government. *United States v. Tilley*, 18 F.3d 295, 299 (5th Cir.), *cert. denied*, 115 S. Ct. 573, 574 (1994). Jerez cannot demonstrate that counsel was ineffective for failing to contend that his conviction violated double jeopardy. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

We determined on direct appeal that Jerez was not sentenced on the basis of materially inaccurate information. We will not reconsider that issue now. *United States v. Santiago*, 993 F.2d 504, 506 & n.4 (5th Cir. 1993). The denial of Jerez's § 3582 motion based on amendment 484 was not an abuse of discretion; Jerez has not shown that the district court erred by basing his sentence on 247 pounds of marijuana. *See United States v. Shaw*, 30 F.3d 26, 28 (5th Cir. 1994). Because Jerez's arguments

regarding the weight of marijuana on which his sentence was based are unconvincing, his contention that the Government withheld material information from him also is unconvincing. *See Cordova v. Collins*, 953 F.2d 167, 171 (5th Cir.), *cert. denied*, 502 U.S. 1067 (1992).

Amendment 486 to the guidelines is not among those amendments given retroactive effect. U.S.S.G. § 1B1.10(c). Jerez's argument that he should receive a reduction in his sentence because the Government induced him to purchase additional marijuana at a reduced price is unavailing.

The district court did not violate Jerez's plea agreement by adjusting his offense level for obstruction of justice. The plea agreement said nothing about a failure-to-appear charge. The discussion at rearraignment indicated that he would not be indicted for failure to appear; there was no indication that the parties agreed that failure to appear could not be considered in sentencing. *See United States v. Ashburn*, 38 F.3d 803, 808 (5th Cir. 1994)(en banc), *cert. denied*, 115 S. Ct. 1969 (1995). Because Jerez's obstruction-of-justice contention lacks merit, Jerez cannot demonstrate that he received ineffective assistance of counsel because counsel did not raise the contention.

Jerez's contention regarding FED. R. CRIM. P. 32 is a non-constitutional argument that could have been raised on direct appeal. Jerez does not indicate that a manifest miscarriage of justice will result should we decline to consider his contention.

His contention is outside the scope of a § 2255 motion. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Because Jerez's contentions regarding the weight of the marijuana on which he was sentenced are unavailing, his contention that he received ineffective assistance of counsel because counsel failed to ensure compliance with Rule 32 also is unavailing.

APPEAL DISMISSED. *See* 5TH CIR. R. 42.2.