IN THE UNITED STATES COURT OF APPEALS
                         FOR THE FIFTH CIRCUIT

                           _____

                             No. 96-40084
                           Conference Calendar
                           _____


UNITED STATES OF AMERICA,

                                              Plaintiff-Appellee,

versus

BILLY D. PYRON,

                                              Defendant-Appellant.

                         - - - - - - - - - -
                Appeal from the United States District Court
                     for the Eastern District of Texas
                         USDC No. 6:95-CV-869
                         - - - - - - - - - -
                           October 23, 1996
Before POLITZ, Chief Judge, and JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

     Billy D. Pyron appeals the denial of his 28 U.S.C. § 2255

motion.  Pyron contends that his option contracts did not

constitute property; that his prepetition transfers of option

contracts were transactions conducted in the ordinary course of

business and therefore were exempt from the listing requirements

of the bankruptcy statutes; that his postpetition 24% interest in

a building did not constitute property as defined by the

_____

     [*]  Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

bankruptcy contest; that the district court's instructions regarding materiality and property definitions were erroneous; and that, because his options did not constitute property and were transferred in the ordinary course of business, he was convicted on insufficient evidence.

Pyron's contentions that his options and postpetition interest in a building did not constitute property under the bankruptcy statute and that the jury instructions were improper, when considered independently from his insufficiency-of-the evidence contention, are nonconstitutional arguments that could have been raised on direct appeal. Those arguments are outside the scope of § 2255. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

We determined on Pyron's direct appeal that his options were property. *United States v. Smithson*, 49 F.3d 138, 144 (5th Cir. 1995). We will not revisit that holding in this § 2255 appeal. *United States v. Santiago*, 993 F.2d 504, 506 & n.4 (5th Cir. 1993). Pyron cannot demonstrate plain error regarding his contention, raised for the first time on appeal, that the evidence was insufficient to support his conviction because he transferred his options in the regular course of business; that contention would have been subject to a procedural bar had Pyron raised it in the district court. *See Douglass v. United Servs. Auto. Ass'n*, 70 F.3d 1415, 1428 (5th Cir. 1996)(en banc); *United States v. Drobny*, 955 F.2d 990, 994-95 (5th Cir. 1992).

Finally, Pyron's motion for release pending appeal is DENIED.

APPEAL DISMISSED.  5TH CIR. R. 42.2.