**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4265

ANDRE S. BRYANT,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CR-96-370-MJG)

Submitted: November 12, 1997

Decided: December 3, 1997

Before ERVIN, WILKINS, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James K. Bredar, Federal Public Defender, Denise C. Barrett, Assis-
tant Federal Public Defender, Baltimore, Maryland, for Appellant.
Lynne A. Battaglia, United States Attorney, Bonnie S. Greenberg,
Assistant United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellant Andre Bryant was convicted pursuant to his guilty plea of one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (1994). On appeal, he challenges whether the district court erred by setting his base offense level at 22 pursuant to USSG § 2K2.1(a)(3).**1** Finding no reversible error, we affirm.

Bryant, who had a previous felony drug conviction, was apprehended and found to be in possession of two firearms: a Mossberg shotgun with a sawed off (11-1/2-inch) barrel and a .45 caliber Ruger with an obliterated serial number. Bryant pled guilty at trial, challenging only the applicability of § 2K2.1(a)(3). Bryant concedes that the shotgun and his prior conviction qualify under the Guideline. However, he asserts that the district court erred by not requiring the Government to prove that he knew at the time of the arrest that the shotgun in his possession was of the type described in § 5845(a).

We review the district court's application of the Guidelines de novo and find no error. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir. 1989). We find persuasive the Fifth Circuit's finding that the "section is plain on its face and should not, in light of the apparent intent of the drafters, be read to imply a scienter requirement." United States v. Fry, 51 F.3d 543, 546 (5th Cir. 1995). We further find that Bryant's reliance on Staples v. United States, 511 U.S. 600 (1994), is misplaced.**2** As a threshold matter, the Court in Staples

_____

**1 United States Sentencing Guidelines Manual** § 2K2.1(a)(3) (1996). This section sets a defendant's base offense level at 22 "if the offense involved a firearm described in 26 U.S.C. § 5845(a) or 18 U.S.C. § 921(a)(30), and the defendant had one prior conviction of either a crime of violence or a controlled substance offense." Firearms described in § 5845(a) include, inter alia, shotguns having a barrel or barrels less than eighteen inches long.

**2** The court in Staples imposed a mens rea requirement on a statute prohibiting possession of a machine gun because the statute itself was silent on the issue. The court was concerned that innocent conduct might be

2

expressly warned that its holding was a narrow one. Id. at 619. More-over, the statute in Staples was a criminal statute, while the provision at issue in this case is a sentencing enhancement without the same risk of conviction of an innocent party. Finally, we have previously held that for felon-in-possession statutes, there is "no need to apply a scienter requirement to each of the statutory elements." United States v. Langley, 62 F.3d 602, 607 (4th Cir. 1995), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3485 (U.S. Jan. 16, 1996) (No. 95-7106).

We therefore affirm Bryant's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED
_____
punished. For example, the firearm in question in Staples, which was legal to buy in its unadulterated mode, had been internally modified to allow it to fire on automatic. The outward appearance of the weapon remained the same. As a result, an innocent purchaser might possess the firearm without knowledge of its internal modifications.

3