UNPUBLISHED

# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

WILLIAM KINJO SMITH,
    *Defendant-Appellant.*

No. 01-4486

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CR-00-421)

Submitted: February 26, 2002

Decided: May 6, 2002

Before MICHAEL and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Craig W. Sampson, LAW OFFICE OF CRAIG W. SAMPSON, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Michael E. Rich, Assistant United States Attorney, Kenneth W. Gaul, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

William Kinjo Smith appeals his conviction and sentence for two counts of unlawful possession of firearms by a felon in violation of 18 U.S.C.A. §§ 922(g)(1), 924(e)(1) (West 2000). The convictions arose from events taking place at different times and at different locations, the first on June 12, 1998 at Gilbert Small Arms Shooting Range and the second on July 7, 2000 at Smith's apartment.

Smith first claims the district court erred in denying his motion to suppress the firearms seized from the bedroom of his apartment on July 7, 2000. We find that the police officers involved in Smith's arrest properly engaged in a protective sweep of the bedroom for their protection and to ensure the security of the premises. *See Maryland v. Buie*, 494 U.S. 325, 335 (1990). Accordingly, we affirm the district court's denial of Smith's motion to suppress.

Smith next argues that insufficient evidence existed to establish his conviction for unlawful possession on June 12, 1998 at the shooting range. The district court's decision to deny a motion for judgment of acquittal for insufficiency of the evidence is reviewed de novo. *United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998). The standard of review is whether, viewing the evidence in the light most favorable to the prosecution, a reasonable trier of fact could have found the defendant guilty. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). We find the jury could have reasonably concluded that Smith unlawfully possessed a firearm at the range, given the substantial evidence linking him to the rental and use of a firearm on that day.

Finally, Smith asserts the district court erred in raising his offense level for possession of a machine gun under *U.S. Sentencing Guidelines* § 4B1.4(b)(3)(A) and § 2K2.1(a)(3). We have carefully reviewed the district court's factual and legal findings and have found

no error, as we decline to read a scienter requirement into these guide-lines. *See United States v. Fry*, 51 F.3d 543, 546 (5th Cir. 1995).

Accordingly, we affirm the district court's judgment. We deny Smith's motions for substitution of counsel, discovery, production of documents, and to file a pro se formal brief. We deny his motions to proceed in forma pauperis and for appointment of counsel as moot. We dispense with oral argument, because the facts and legal conten-tions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*