# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

## No. 95-40052
## Summary Calendar
_____

### UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

### GEORGE EDWIN JEANISE,

Defendant-Appellant.

_____

## Appeal from the United States District Court
## for the Eastern District of Texas
## (1:93 CR 99 1)
_____

August 10, 1995

Before JONES, BARKSDALE and BENAVIDES, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

Appellant Jeanise pleaded guilty to possession of a firearm by a convicted felon and was sentenced to imprisonment for 100 months, followed by three years supervised release. On appeal, he asserts two errors in the district court's calculation of his sentence. We affirm.

---

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

First, Jeanise contends that his three prior convictions for burglary of a habitation should have been treated as related offenses pursuant to U.S.S.G. § 4A1.2(a)(2). In such event, they would have received three criminal history points rather than the nine assessed by the district court. Prior sentences are considered related according to this guideline if they resulted from offenses that occurred on the same occasion, were part of a common scheme or plan, or were consolidated for trial or sentencing. They are not considered related if the offense conduct was separated by an intervening arrest. Section 4A1.2, comment 3. Jeanise's first burglary took place July 18, 1977, and he was arrested for it. The second and third burglaries occurred on September 15, 1977 and May 8, 1978, and he was arrested for both on September 1, 1978. Because of the intervening arrest, the first offense cannot be considered related. And it is fruitless to assert that the second and third offenses were "part of a common scheme or plan". A relatedness finding requires more than mere similarity of crimes. United States v. Garcia, 962 F.2d 479, 482 (5th Cir.), cert. denied, 113 S. Ct. 293 (1992). Further, state court records show the burglaries were not consolidated for trial or sentence.

Second, Jeanise argues that the district court erred in finding that he possessed a prohibited firearm pursuant to section 2K2.1(a)(1), because he did not know that the barrel of the shotgun he had was less than 18 inches long. In United States v. Fry, 51 F.3d 543, 546 (5th Cir. 1995), this court concluded that section

2

2K2.1(a)(3), which sets the base offense level for a one-time felon for possession of a firearm listed in 26 U.S.C. § 5845(a), did not require a finding of knowledge about the characteristics of the firearm. By the same reasoning, the related section applicable to Jeanise's sentence also lacks reference to a mental state. Consequently, Jeanise's alleged ignorance that the shotgun barrel was less than 18 inches long is irrelevant to this sentencing provision.

The sentence imposed by the district court is **AFFIRMED.**