United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10129
Summary Calendar

UNITED STATES OF AMERICA,

                                   Plaintiff-Appellee,

versus

J. L. HUNTER ROUNTREE,

                                   Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:03-CR-59-ALL
--------------------

Before JOLLY, HIGGINBOTHAM, and PICKERING, Circuit Judges.

PER CURIAM:[*]

     J.L. Hunter Rountree appeals the sentence he received after
he pleaded guilty to bank robbery in violation of 18 U.S.C.
§ 2113(a).  Rountree's argument that the district court erred
when it treated the instant conviction and a prior Florida
conviction for Robbery Without a Weapon as "crimes of violence"
for purposes of U.S.S.G. §4B1.2 fails inasmuch as commentary to
the guideline explicitly lists "robbery" as a "crime of violence"
for purposes of the enhancement.  See U.S.S.G. § 4B1.2, comment.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(n.1); <u>United States v. Rayo-Valdez</u>, 302 F.3d 314, 317 (5th Cir. 2002); <u>see</u> <u>also</u> <u>United States v. Fry</u>, 51 F.3d 543, 546 (5th Cir. 1995).

This court lacks jurisdiction to review the district court's denial of Rountree's motion for a downward departure because the record indicates that the district court knew that it could depart but chose not so to do.  <u>See</u> <u>United States v. Buck</u>; <u>United States v. Landerman</u>, 167 F.3d 895, 899 (5th Cir. 1999).

AFFIRMED.