

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-13-2005

# USA v. Butler

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2543

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Butler" (2005). *2005 Decisions.* Paper 1372.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1372

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 03-2543 and 03-4591

———————

UNITED STATES OF AMERICA

v.

TERRENCE BUTLER,
Appellant

———————

Appeals from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 02-cr-00030-1)
District Judge:  Honorable Mary A. McLaughlin

———————

Submitted Under Third Circuit LAR 34.1(a)
March 24, 2005

Before:  RENDELL, ALDISERT and MAGILL*, Circuit Judges.

(Filed:  April 13, 2005)

———————

OPINION OF THE COURT

———————

————————

*Honorable Frank J. Magill, Senior Circuit Judge for the Eighth Circuit, sitting by
designation.

RENDELL, Circuit Judge.

Terrence Butler appeals his conviction for the offense of being a felon in possession of a weapon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Butler claims that the District Court erred in denying his motion to suppress evidence and his motion for judgment of acquittal. He also claims that the Assistant United States Attorney ("AUSA") committed prosecutorial misconduct. Because the District Court did not err in denying the motions, and no objection was raised to the prosecutorial misconduct, we will affirm Butler's conviction.

## I. Background

At the suppression hearing, Officer Jacob Williams testified that, in the early morning hours of August 16, 2001, he and Officer Curtis Younger of the Philadelphia Police Department were in a marked vehicle patrolling near the intersection of 30th Street and Huntingdon, which is controlled by a stop sign. As they approached the intersection, Officer Williams observed Appellant Butler make a right turn without stopping. Butler then pulled over on North 31st Street to let the passenger out of the car, at which point the officers then turned on their patrol car spotlight and pulled over behind Butler.

Officer Williams approached Butler's car on foot. As he drew nearer, he observed Butler lean forward in his seat and then attempt to exit the car on the driver's side. Officer Williams instructed Butler to get back into the car which Butler did, though leaving the driver's door open. Upon reaching the open driver's side door, Officer

2

Williams observed a black handgun on the driver's side floor in plain view. Butler leaned forward towards the gun, at which point Officer Williams entered the car, placing his body between Butler and the gun. Butler then attempted to exit the car from the passenger side by climbing over the passenger. After failing to escape, Butler attempted to start the car, but was unable to get it into drive. Following a struggle, Butler was handcuffed and removed from the car. The officers laid Butler, who complained of shortness of breath, on his side so as to breathe easier. Butler's hands were not visible in this position and Officer Williams instructed him to show his hands. When Butler did, he was observed to be holding another gun.

At trial, Butler testified on his own behalf, and offered a different version of events than that recounted by the officers. Butler testified that he had stopped at the intersection but was pulled over by the officers for no reason. He denied ever possessing either of the guns Officers Williams testified to seeing and claimed that Officer Williams tried to strangle him during the struggle.

While being cross-examined, Butler was questioned about his employment status. He denied telling the police he was unemployed, and claimed that they had written "unemployed" on his information sheet without questioning him on the subject. In response to Butler's claims regarding employment, the AUSA asked a series of questions

3

relating to money Butler possessed when arrested.[1]  No objection was made to the

questions; however, the District Court *sua sponte* issued a curative instruction to the jury

to disregard Butler's possession of the money.[2]

Butler was convicted and sentenced to a seventy-month sentence.

The District Court had jurisdiction over the case pursuant to 18 U.S.C. § 3231.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

---

[1]    Q: And what you're telling the jury is somehow or another the police when they were taking down your biographical information misunderstood or misheard you or intentionally miswrote that you were unemployed when you told them that you had all these other business interests, is that right?
A: Ma'am, the police never asked me no questions about no occupation, nothing that I do or anything.
Q: At the time of your arrest you have over $1,000 in cash on your person, isn't that correct?
A: Yes, ma'am.
Q: You had 54 $20 bills in your possession, is that correct?
A: Yes, ma'am.
Q: And you had 28 $10 bills in your possession?
A: I believe so.
Q: And you had three $50 bills in your possession, isn't that right?
A: Yes, ma'am.
Q: So that comes to $1,510 in cash in your possession at 3:00 o'clock in the morning on August 16th, 2001, is that right?
A: Yes, yes, ma'am.
(App. 522-23).


[2]The District Court charged: "Now in that regard, Mr. Butler testified that he had a certain amount of money in his possession when he was arrested.  I instruct you that the fact that he had that money is not relevant to whether he is guilty or is not guilty of the crime charged in this case.  I further instruct that there is no evidence whatsoever that there was anything improper or illegal about Mr. Butler's having that money at that time." (App. 588).

## II. Standard of Review

With respect to a motion to suppress, we review the District Court's factual findings for clear error and, *de novo*, the application of the law to those facts. *See United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002); *see also Anderson v. Bessemer City*, 470 U.S. 564, 575 (1985).

"We apply a particularly deferential standard of review when deciding whether a jury verdict rests on legally sufficient evidence" and will sustain the verdict if any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt. *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998).

We review the issue of prosecutorial misconduct for an abuse of discretion. *United States v. Retos*, 25 F.3d 1220, 1224 (3d Cir. 1994). When a defendant fails to object at trial, this court reviews for plain error. *United States v. Irizarry*, 341 F.3d 273, 306 (3d Cir. 2003).

## III. Analysis

On appeal, Butler argues that the police lacked reasonable and articulable suspicion to stop him, and, therefore, the evidence discovered as a result of the stop should be suppressed as fruit of the poisonous tree. *See Terry v. Ohio*, 392 U.S. 1, 22 (1968); *Wong Sun v. United States*, 371 U.S. 471 (1963). He claims that Officer Williams' testimony at the suppression hearing was not credible.

"It is well-established that a traffic stop is lawful under the Fourth Amendment

where a police officer observes a violation of the state traffic regulations." *United States v. Moorefield*, 111 F.3d 10, 12 (3d Cir. 1997). In this case, Officer Williams testified that Butler failed to stop at a stop sign, violating Pennsylvania Motor Vehicle Code, 75 Pa. C.S. § 3323(b). The District Court found this testimony credible, and therefore, concluded that Officer Williams and Younger were justified in making the initial stop. *See Whren v. United States*, 517 U.S. 806, 810 (1996) ("the decision to stop an automobile is reasonable where the police have probably cause to believe that a traffic violation has occurred"). "When a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." *See Anderson v. City of Bessemer City*, 470 U.S. 564, 575-576 (1985). Officer Williams' testimony was not contradicted by extrinsic evidence. The stop, which led to the seizure of evidence in plain view, was reasonable. *See Arizona v. Hicks*, 480 U.S. 321, 323-26 (1987). The District Court did not err in denying the motion to suppress.

Butler also claims that the District Court committed clear error in denying the motion for judgment of acquittal because insufficient evidence was introduced at trial to convict. Because we must sustain the verdict if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," and substantial evidence was introduces on each element during trial, the denial of the motion was

6

proper. *See Dent*, 149 F.3d at 187.

Butler next contends that the AUSA improperly questioned him during cross-examination, denying him a fair trial and due process, thus warranting a reversal of his conviction.[3] Under the plain error standard, the review must reveal "egregious error or a manifest miscarriage of justice." *See Brown*, 254 F.3d at 458 (*quoting United States v. Prince*, 76 F.3d 526, 530 (3d Cir. 1996)). Neither are present in this case.

Butler claims that the police lied when they wrote he was "unemployed" on his biographical information sheet. To disprove this allegation and to show that Butler was not credible, the AUSA asked a series of questions about the $1,510 in cash that he had at the time of his arrest. No objections to the questions were made at trial; however, Butler now claims that this constitutes prosecutorial misconduct. The District Court, *sua sponte*, instructed the jury to ignore the evidence and stressed that the money was not relevant to guilt or innocence in the case. It is presumed that a jury follows its instructions and we have found that curative instructions, similar to those given by the District Court, are sufficient to cure statements that were in fact improper. *See United States v. Hakim*, 344 F.3d 324, 329-31 (3d Cir. 2003). The series of questions the AUSA asked related to

_____

[3]Butler contends that he raised the issue of prosecutorial misconduct in the District Court, in a *pro se* motion for judgment of acquittal and a new trial, and therefore, an abuse of discretion standard of review should apply. The government contends that the issue was raised for the first time on appeal. In his *pro se* motion, Butler did raise the issue of prosecutorial misconduct, but in relation to another issue, not as to the questioning now challenged on appeal. Further, he never objected at trial. The issue was not properly preserved.

Butler's credibility, which he put at issue when he took the stand, and even were we to find that Butler was somehow prejudiced by the exchange, it was cured with the jury instruction to disregard that evidence. Accordingly, we will affirm the District Court's judgment of conviction.

Butler, however, challenges his sentence under *United States v. Booker*, __ U.S. __, 160 L. Ed. 2d 621, 125 S. Ct. 738 (2005). Having concluded that the sentencing issues Appellant raises are best determined by the District Court in the first instance, we will vacate the sentence and remand for resentencing in accordance with *Booker*.