United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 30, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40778
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROLANDO HERNANDEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:03-CR-158-LED-4
---------------------

Before REAVLEY, DAVIS and PRADO, Circuit Judges.

PER CURIAM:*

Rolando Hernandez appeals from his conviction by guilty plea

of conspiracy to manufacture, distribute, or possess with intent

to manufacture or distribute methamphetamine.  Hernandez contends

that the district court violated the Sixth Amendment by basing

his sentence on findings beyond those he admitted when he pleaded

guilty, pursuant to Blakely v. Washington, 124 S. Ct. 2531

(2004), and United States v. Booker, 125 S. Ct. 738 (2005).

Hernandez contends that he received ineffective assistance of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

counsel in conjunction with his guilty plea because counsel erroneously advised him that his criminal history would not be used against him at sentencing.  He alleges that he advised his second attorney about his misunderstanding with original trial counsel regarding the Sentencing Guidelines, and he argues that his second attorney should have filed a motion to withdraw his plea.  Finally, Hernandez argues that his second attorney was ineffective for failing to present a Booker argument at sentencing.

Regarding Blakely and Booker, Hernandez specifically challenges the district court's findings that his prior sentences were unrelated for the purpose of finding him a career offender, that he was a career offender, and that he possessed a firearm. Hernandez, however, does not argue any facts to suggest that his prior sentences were related for guideline sentencing purposes.

"There is no Sixth Amendment violation with respect to post-trial consideration of career offender status."  United States v. Guevara, 408 F.3d 252, 261 (5th Cir. 2005).  Other than a defendant's age, "the determinations made in the course of a career offender classification are all questions of law," id., and thus are not subject to the requirements of Booker.  Id. Hernandez can demonstrate no error, plain or otherwise, regarding whether his sentencing as a career offender violated Blakely and Booker.  Because Hernandez has not shown reversible error

regarding his sentencing as a career offender, his remaining sentencing contentions need not be addressed.

Hernandez's argument regarding counsel's allegedly flawed advice about the sentencing guidelines implicates Hernandez's understanding of the consequences of his plea, which implicates the voluntariness of the plea. See Boykin v. Alabama, 395 U.S. 238, 243-44 (1969). The record is not sufficiently developed for us to address the merits of that ineffective counsel claim on direct appeal, so we do not consider it. See United States v. Fry, 51 F.3d 543, 545 (5th Cir. 1995). Because Hernandez's Blakely/Booker argument is unavailing, counsel was not ineffective for failing to raise it. See Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990)

AFFIRMED.