

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-18-2006

# USA v. Butler

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2965

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Butler" (2006). *2006 Decisions.* Paper 81.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/81

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-2965

UNITED STATES OF AMERICA

v.

TERRENCE BUTLER,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No.: 02-CR-30
District Judge: The Honorable Mary A. McLaughlin

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 11, 2006

Before: SMITH and ROTH, *Circuit Judges*,
and IRENAS, *District Judge*[*]

(Filed: December 18, 2006)

OPINION

SMITH, *Circuit Judge*.

In August of 2001, two officers with the Philadelphia Police Department stopped

Terrence Butler when he failed to stop his vehicle at a stop sign. During the traffic stop,

_____

[*]The Honorable Joseph E. Irenas, Senior United States District Judge for the
District of New Jersey, sitting by designation.

1

one of the police officers observed a firearm on the floor of Butler's vehicle, and a struggle ensued. The police officers were able to place Butler in handcuffs. Although handcuffed, Butler managed to extract another firearm from his person. After another struggle between Butler and the officers, during which Butler pointed the firearm at the officers, the firearm was removed from Butler's possession.

A grand jury returned an indictment against Butler, charging him with being a felon in possession of two firearms in violation of 18 U.S.C. § 922(g)(1). A jury found Butler guilty of the offense. The United States District Court for the Eastern District of Pennsylvania sentenced Butler to, *inter alia*, seventy months of imprisonment. Butler appealed. We affirmed his conviction, but vacated his sentence and remanded for resentencing in accordance with *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Butler*, 127 Fed. Appx. 600 (3d Cir. 2005).

On remand, the District Judge imposed the same seventy month sentence of imprisonment, explaining that she believed that her "original sentence is the appropriate sentence." The District Judge pointed out that she could have given sixty-three months at the lower end of the guideline range, but imposed a seventy month sentence "because as I considered the nature of the crime, it seemed to me that the 63 months was not sufficient." She stated her belief that this offense "was serious" as it endangered both the police and Butler.

Butler appealed, contending that the District Court erred in its calculation of his guideline range in several respects. For the reasons set forth below, we will affirm.

2

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *See United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

Butler contends that the District Court erred by finding that his prior manslaughter conviction constituted a crime of violence under United States Sentencing Guideline (U.S.S.G. or Guideline) § 4B1.2(a), thereby warranting a base offense level of twenty points in accordance with U.S.S.G. § 2K2.1(a)(4). Because this is an issue of law, we exercise plenary review over the District Court's determination that Butler's prior conviction qualified as a crime of violence. *United States v. Dorsey*, 174 F.3d 331, 332 (3d Cir. 1999).

Sentencing Guideline § 2K2.1 applies to convictions for the unlawful possession of a firearm and directs that a base offense level of twenty must be assessed if the "defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(4). One of the application notes for § 2K2.1 specifies that "crime of violence" has the "meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2." U.S.S.G. § 2K2.1, application note 1. Guideline § 4B1.2 provides that a crime of violence may be any federal or state offense punishable by a term of imprisonment exceeding one year, if that conviction "has as an element the use,

3

attempted use, or threatened use of physical force against the person of another . . . ."[1]

U.S.S.G. § 4B1.2 (a)(1). Application Note 1 to U.S.S.G. § 4B1.2 instructs that crimes of

violence include "murder, *manslaughter*, kidnapping, aggravated assault, forcible sex

offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a

dwelling." *Id.* at application note 1 (emphasis added).

Consistent with the application note, we find no error in the District Court's

determination that Butler's prior conviction for manslaughter constituted a crime of

violence meriting the assessment of the base offense level of twenty. Indeed, we have on

several occasions instructed that there is no need to inquire into the facts of a prior

conviction if the "predicate conviction is enumerated as a 'crime of violence' in

Application Note . . . to § 4B1.2." *United States v. McQuilkin*, 97 F.3d 723, 728 (3d Cir.

1996); *see also United States v. Parson*, 955 F.2d 858, 871 (3d Cir. 1992) (observing that

the government may show that a prior conviction is a "crime of violence" by establishing

that it "is among those specifically enumerated in the application note"). Manslaughter,

as the Application Note clearly states, is among the specifically enumerated crimes

qualifying as a crime of violence. *See Stinson v. United States*, 508 U.S. 36, 47 (1993)

(observing that the interpretive commentary to the U.S.S.G. may be accorded

"controlling weight" if it is not inconsistent with a federal statute or the Constitution); *see*

---

[1]Subsection (a)(2) also provides that a crime of violence includes: burglary of a dwelling; extortion; offenses involving the use of explosives; and offenses that "otherwise involve[] conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). This provision is not at issue here.

*also Untied States v. Fry*, 51 F.3d 543, 546 (5th Cir. 1995) (concluding conviction for involuntary manslaughter was a crime of violence as clearly indicated by the commentary to the guidelines); *United States v. Payton*, 28 F.3d 17, 19 (4th Cir. 1994) (following *Stinson, supra*, and according controlling weight to the Application Note to § 4B1.2 which specifies that manslaughter is a crime of violence).

Contrary to Butler's assertion, the charging indictment and state court conviction record are sufficient to support the District Court's determination that this predicate offense of manslaughter qualifies as a "crime of violence." The state court conviction record to which Butler refers us establishes that he was adjudged guilty of involuntary manslaughter in violation of 18 Pa.Cons.Stat.Ann. § 2504 and sentenced to 11½ to 23 months imprisonment. Inasmuch as manslaughter is specifically enumerated in Application Note 1 of U.S.S.G. § 4B1.2 as a crime of violence, the District Court did not need to inquire into the facts underlying that conviction before assessing the base offense level of twenty under § 2K2.1(a)(4).

Butler also contends that the District Court erred in adding two points to the base offense level for an obstruction of justice under U.S.S.G. § 3C1.1 on the bases that Butler perjured himself and that he attempted to influence a witness. Butler does not dispute the appropriateness of the two point assessment for attempting to influence the testimony of the passenger in his vehicle at the time of the traffic stop. When the facts giving rise to an obstruction of justice enhancement are not at issue, we exercise plenary review over a District Court's determination that such an enhancement is warranted. *United States v.*

5

*Brennan*, 326 F.3d 176, 200 (3d Cir. 2003).

Guideline § 3C1.1 allows the addition of two points to the base offense level if the "defendant willfully obstructed or impeded, or attempted to obstruct or impede the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction. . . ." Application Note 4(a) to this guideline specifies that unlawfully influencing a witness or attempting to do so warrants application of this enhancement. U.S.S.G. § 3C1.1, application note 4(a). Because there is ample support in the record for the District Court's finding that Butler tried to influence the testimony of a witness, we need not delve into the propriety of the assessment on the alternative basis of perjury. *See United States v. Astorri*, 923 F.2d 1052, 1055 (3d Cir. 1991) (finding it unnecessary to consider the second basis for an obstruction of justice assessment in light of the fact that there was sufficient record support on an alternate ground).

Butler also submits that the District Court erred by adding two points to his offense level under § 2K2.1(b)(4) because one of his firearms had an obliterated serial number, and by adding two points pursuant to § 4A1.1(d) to his criminal history category because he committed this offense while on probation. Butler does not dispute either that there was an obliterated serial number on one of the firearms or that he was on probation when he was apprehended with the firearm. Rather, he contends that *Booker* requires that these facts be proved beyond a reasonable doubt. Butler conveniently ignores the remedial opinion in *Booker* written by Justice Breyer. 543 U.S. at 244. Justice Breyer explained that, by excising the provisions of the Sentencing Reform Act that made the Guidelines

mandatory, the resulting advisory guideline regime did not offend the Sixth Amendment. *Id.* at 245, 259-60. Consistent with *Booker*'s remedial opinion, we conclude that the District Court did not err in making the adjustments that it did for the obliterated serial number and for the fact that Butler was on probation when this offense occurred.

Finally, in his reply brief, Butler asserts for the first time that his sentence is not reasonable. We disagree. After a careful review of the record in this case, we conclude that the District Court "gave meaningful consideration of the § 3553(a) factors" as required by our decision in *Cooper*, 437 F.3d at 329. The District Court acknowledged that it was imposing the same sentence on remand, but it explained that it believed the 70 month term of imprisonment was warranted in light of the seriousness of the offense and the other factors set forth in 18 U.S.C. § 3553. We will affirm.