# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2020

Lyle W. Cayce
Clerk

No. 20-30118
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LEON WILLIAMS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CR-143-1

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Leon Williams appeals his 40-month sentence for possession of a firearm by a convicted felon. He challenges the district court's application of the U.S.S.G. § 2K2.1(a)(3) base offense level, asserting that he did not know the firearm he possessed was capable of accepting a large capacity

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30118

magazine. We review challenges to the district court's interpretation or application of the Sentencing Guidelines de novo. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

In *United States v. Fry*, 51 F.3d 543, 546 (5th Cir. 1995), we held that, because § 2K2.1(a)(3) made "no reference to the defendant's mental state[,] [t]he section [wa]s plain on its face and should not, in light of the apparent intent of the drafters, be read to imply a scienter requirement." Although § 2K2.1(a)(3) has been amended since *Fry*, nothing in the text or commentary of § 2K2.1(a)(3) imposes a *mens rea* requirement. *See* § 2K2.1(a)(3) and comment. (n.2).

AFFIRMED.