# United States Court of Appeals for the Fifth Circuit

———————

No. 22-30305
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

January 30, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Damien Damon Briggs,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:21-CR-232-2

———————————————————

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Damien Damon Briggs pled guilty to theft of firearms from a federal firearms licensee. The district court sentenced him within the Guidelines range to 96 months in prison and three years of supervised release. He argues on appeal that the district court improperly calculated the base offense level for purposes of determining the Guideline sentencing range.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30305

We review for plain error because Briggs failed to urge a relevant conduct objection in the district court. *Puckett v. United States*, 556 U.S. 129, 135 (2009). To prevail, Briggs must show a forfeited error that is clear or obvious and affects his substantial rights. *See id.* If he makes such a showing, we have the discretion to correct the error, but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (quotation marks and citation omitted).

Briggs argues that the base offense level selected by the court was improper because he did not know he was a prohibited person. *See* U.S.S.G. §§ 2K2.1(a)(4)(B)(i)(I) and (ii)(I). This subsection of 2K2.1, however, does not contain any exceptions or requirements for certain mental states or knowledge. *See United States v. Serfass*, 684 F.3d 548, 552 (5th Cir. 2012); *see also United States v. Fry*, 51 F.3d 543, 546 (5th Cir. 1995).

The district court did not err. AFFIRMED.